### HENRY DAVIS v. W. J. DUGY.

#### (No. 2346.)

APPEAL from Anderson County.    Opinion by WHITE, P. J.

*(Opinion delivered at Galveston.)*

THOMAS B. GREENWOOD, counsel for appellant.

GAMMAGE & GREGG, counsel for appellee.

§ **334.** *Chattel mortgage; fraudulent and void as to creditors and subsequent purchasers, when; case stated.* Appellant, as sheriff, levied upon and sold a stock of goods as the property of O. J. Dugy, by virtue of executions issued upon judgments rendered against said O. J. Dugy. When levied upon the goods were in the possession of said O. J. Dugy and under his management and control, but he told said sheriff that they were the property of his brother, W. J. Dugy, the appellee. Appellee brought this suit to recover of said sheriff damages for the seizure and sale of said goods, and recovered judgment for $403.74 and costs.

Appellee claimed title to said goods by virtue of a purchase of the same at private sale from one Silliman, who claimed to have the right to sell the same under a chattel mortgage executed to him by O. J. Dugy, said mortgage containing a power of sale. Appellant pleaded that said pretended mortgage was fraudulent and void as to the creditors of said O. J. Dugy and as to subsequent purchasers; that it was executed for the purpose of hindering, delaying and defrauding the creditors of said O. J. Dugy; that it was not accompanied with the delivery of the goods to said Silliman, but that said O. J. Dugy had

all the time retained possession of said goods; that said mortgage had never been filed with the clerk of the county court. In support of this plea it was shown that O. J. Dugy had never delivered said goods to said Silliman, or to any one else, under said mortgage, or under the pretended sale made by Silliman; and that said mortgage had never been filed with the clerk of the county court. *Held:* "Where the sale of personal property is not accompanied by a transfer of the actual possession, the sale is binding as between the parties, but it is a fraud *per se* as to creditors and *bona fide* purchasers, without regard to the intent of the parties. Where the goods are not capable of actual delivery, constructive delivery is sufficient. It is necessary that the vendee should assume such control of the property as to give notice to all concerned of the transfer." [Buckley v. Duff, 8 Chicago L. Journal, pp. 118, 119.] Our statute provides that "every chattel mortgage, deed of trust, or other instrument of writing intended to operate as a mortgage of, or lien upon, personal property which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the property mortgaged or pledged by such instrument, shall be absolutely void as against the creditors of the mortgagor or person making the same, and as against subsequent purchasers and mortgagees or lien-holders in good faith, unless such instrument, or a true copy thereof, shall be forthwith deposited with and filed in the office of the county clerk where the property shall then be situated; or, if the mortgagor or person making the same be a resident of this state, then of the county of which he shall at the time be a resident." [Sayles' Civ. Stat. art. 3190*b*.] These rules of law were directly pertinent to the pleadings and evidence, and the jury should have been fully and plainly instructed upon them; but this was not done by the court, and the failure to do so was error.

January 14, 1888.      Reversed and remanded.